UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | No. 3:07-CR-00005 |
| v. | ) | Judge Campbell |
| | ) | |
| | ) | |
| GEOVANNI PENA | ) | |

## MOTION FOR SEVERANCE OF NON-DEATH ELIGIBLE DEFENDANT FROM THE DEATH ELIGIBLE

Comes now Geovanni Pena, by and through counsel of record, John P. Cauley, and hereby moves this Honorable Court, pursuant to Rule 14 of the *Federal Rules of Criminal Procedure*, to sever his case from the cases of the death-eligible defendants.

### Speedy Trial

The Speedy Trial Act of 1974 (18 U.S.C.A. §§ 3161-3174) guarantees a defendant a speedy and public trial. Mr. Pena, through counsel, wishes to make clear that he is not willing to waive his right to a speedy and public trial.

Magistrate Judge Joe Brown placed Mr. Pena in the custody of the Attorney General on January 30, 2007. (Document 134) Mr. Pena spent the five months preceding his Federal detention in the custody of Metro-Davidson County.

## Severance

Severance should generally be granted only when there "is a serious risk that a joint trial would compromise a specific trial right of a properly joined defendant or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 113 S.Ct. 933, 938, 122 L.Ed.2d 317 (1993). "A defendant seeking severance at trial bears a strong burden and must demonstrate substantial, undue, or compelling prejudice." *United States v. Davis*, 177 F.3d 552, 558 (6th Cir.1999). Defendant Pena believes that at least two grounds support this Motion to Sever.

1. The Government's Decision to seek a Second Superseding Indictment rendered several co-defendants death-eligible. These death-eligible defendants' cases are now qualitatively different from the non-death cases. The addition of Learned Counsel, an expanded access to funding for experts, and observance of the Department of Justice's own review are but a few of the significant, and trial-delaying, changes brought about by the Government's decision to supersede the indictment.

2. Second, echoing Defendant Alfaro's argument, "death-qualified jurors, by their very nature, are more likely to convict than non-death-qualified jurors. Justices on the United States Supreme Court have discussed the studies supporting this issue, and Justice Marshall has even promoted the idea of bifurcated juries for capital defendants, one to determine whether the a defendant is guilty and one to determine the appropriate sentence in the case. See the lengthy dissent of Justices Marshall, Brennan and Stevens in *Lockhart v. McCree* 476 U.S. 162,106 S.Ct. 1758 (1986)." (Document

481)

The Defendant, Geovanni Pena, asks that this Court grant this motion and sever his case from the death-eligible defendant's cases so that he might have the speedy and public trial guaranteed him by 18 U.S.C.A. §§ 3161-3174 and avoid the unfair prejudice that will occur if he is tried with the death eligible defendants.

Respectfully Submitted,

s/ JOHN CAULEY
BPR No. 016432
1224 Columbia Avenue
Franklin, TN 37064
615-790-2426

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing *Motion to Sever* has been electronically delivered to Jimmie Lynn Ramsaur, Assistant United States Attorney, 110 Ninth Avenue, South, Suite A961, Nashville, TN 37203-3870, on this the 21st day of July, 2007.

s/JOHN CAULEY